**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Solorio Cajero VERONICA, aka Solorio Veronica; Veronica Cajero Solorio; Solorio Veronica Cajero; Salvador Ramirez, Defendant—Appellant.**

No. 01–50712.

D.C. No. CR–00–00234–CAS–03.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Oct. 16, 2002.

Before PREGERSON, RYMER, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Veronica asserts that the district court failed to instruct the jury that the amount of drugs attributable to him must be proven beyond a reasonable doubt. Because Veronica did not raise this objection in a timely manner before the district court, we review for plain error. *See* Fed. R.Crim. Proc. 52(b); *Johnson v. United States,* 520 U.S. 461, 465–66, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). No error, let alone plain error, occurred here, as the special verdict form specifically asked the jury to determine drug quantity beyond a reasonable doubt.

Veronica asserts that the district court erred in imposing a mandatory minimum life sentence based on Veronica's prior drug convictions because the prior convictions were not submitted to the jury. Veronica's argument was expressly rejected in *United States v. Parks,* 285 F.3d 1133, 1142–43 (9th Cir.2002).

Veronica asserts that the district court erred in finding that he was a career offender pursuant to U.S.S.G. § 4B1.1. In view of our decision on the mandatory minimum life sentence, this challenge to the district court's application of the Sentencing Guidelines is moot.

Veronica argues that the district court should have downwardly departed from the sentencing guideline range. "The district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal." *United States v. Eaton,* 31 F.3d 789, 792–93 (9th Cir.1994). This argument is also moot because of the statutory minimum sentence. *See* U.S.S.G. § 5G1.1(b).

Finally, Veronica asserts that 21 U.S.C. §§ 841(b)(1)(A) & (B) are facially unconstitutional. This argument is foreclosed by *United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.2002) (en banc).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.